Milligan, J.,
delivered the- opinion of the Court.
This is a case of a contested nuncupative Will, tried upon an issue of devisavit vel non, in the Circuit Court of Sullivan County, at its March Term, 1861, and brought by appeal in error to this Court.
The only question of any importance, presented in this record, turns upon the sufficiency of the proof, and the accuracy of the charge to the jury, as to what is called, technically, the rogatio testium of a nuncupative Will, offered for probate. All the other requisites of the Statute seem to be present in this case, and we are not aware of any serious contest on any other point.
The Court charges the jury, * * * “That the law requires that it is indispensable to a valid nuncupative Will, that the testator should especially call the attention of the witnesses to the fact; but it is not neces *32 sary that the testator should use the precise words of the Statute, or even know them; it is sufficient, if by intelligent language or acts, if they are equivalent to the calling of attention, he invites the attention and attestation of the witnesses ' to the fact of. his making a Will. Nor is it necessary that he should state to the witnesses that he wished to make a Will, or was making a Will, if he used equivalent words, showing that he, at the time, considered himself engaged in a testamentary act disposing of his property.”
The Court further instructed the jury, “If they were satisfied that the testator, on the night previous to his death, requested any person to leave the room where he was confined by sickness, 'except the plaintiff and the two witnesses, (Green and Warsham,) for the purpose of making a disposition of his property by Will, and calling their attention specially to the fact of what he was going to perform; and after all other persons had retired, he addressed himself to' Millard and the witnesses, and their attention was then specially called to what the testator said, this would be a compliance with the spirit of the law. To make the paper in issue, the valid nuncupative W ill of Reuben B. Hatcher, it must be clearly established by the proof, that he understood himself, at the time, to be engaged in making a last Will, and that the witnesses so understood him. If the testator was merely giving directions about his business and property to Millard, and did not intend to make, or consider himself engaged at the time, in making a nuncupative Will, then the paper in question-cannot, in any view, be regarded as a nuncupative Will, and established as such.”
*33 The testimony of the two witnesses, Jackson and Green, substantially agree in their statements, and detail the attending circumstances with remarkable clearness. They state, in substance, that the testator, Reuben B. Hatcher, at the time of his death, was on a journey South, with a drove of horses, and he was seized with bilious cholic, and soon thereafter died, at the house of a widow lady, in Elbert County, Georgia. On the night before his death, his attending physician told him he had done all he could for him, except to give him quicksilver. He said he did not want to take it, he knew he must die, and soon after requested all to leave the room, but H. M. Millard and the two witnesses. When the room was clear, he directed one of the witnesses, (Jackson,) to wake up Millard; said he wanted to talk to him. Millard and the witnesses stood at his bedside, and he asked Millard's opinion of the propriety of taking quicksilver, and was told he must use his own discretion. He then repeated Ms desire not to take it, and said he must die. After this, he proceeded to dispose of his property, as set out in the paper propounded for probate in the County Court, and died the following morning.
Under this state of the case, the jury found a verdict in favor of the Will, and we are not disposed to disturb it. The charge of the Court is in substantial conformity to the former adjudications of this Court; and the testimony such as to produce conviction in the mind that it was the purpose of the testator, in view of his rapidly approaching dissolution, to dispose of his property. Baker et al. vs. Dodson, 4 Hum., 342; Gwin *34 et al. vs. Wright et al., 8 Hum., 689; Ridley, Guardian, et al. vs. Coleman et al., 1 Sneed, 616.
In the case of Gwin et al. vs. Wright et al., the Court say, “ One of the witnesses was directed by the testator to inform his friends that in the disposal of his property, he wished his sister Elizabeth to have his boy, Isaac.” This, was considered as equivalent to a special request, on the part of the testator, to the witness to :bear witness thereto, and established a testamentary act. In this case the proof is more direct. The testator re. iquested all the persons to leave the room where he was •confined, except the executor and the two witnesses, and then had Millard, the 'executor, aroused from sleep, and •called to his bedside, where he gave him full instructions as to the disposal of his property. While we do not desire to extend the ruling of this Court in cases of nuncupative Wills, or open the door to frauds, or unjust and imprudent bequests made in extremis, we are satisfied this case falls within the authorities above ■cited.
Affirm the judgment.